UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 22 CR 213 |
| v. | ) | Hon. Andrea R. Wood |
| | ) | |
| DANIEL SOLIS | ) | |

## NOTICE OF FILING

The government hereby submits the attached deferred prosecution agreement with defendant Daniel Solis.

Respectfully submitted.

JOHN R. LAUSCH, JR.
United States Attorney

By: /s/ Amarjeet S. Bhachu
AMARJEET S. BHACHU
Assistant United States Attorney
219 South Dearborn Street
Fifth Floor
Chicago, Illinois 60604
(312) 469-6212



**U.S. Department of Justice**

*United States Attorney*
*Northern District of Illinois*

| | | |
|---|---|---|
| *Amarjeet Bhachu*<br>*Assistant United States Attorney* | *Dirksen Federal Courthouse*<br>*219 South Dearborn Street*<br>*Fifth Floor*<br>*Chicago, Illinois 60604* | *Direct Line: (312) 469-6212*<br>*Fax: (312) 886-0657*<br>*Amarjeet.Bhachu@usdoj.gov* |

December 26, 2018

Lisa M. Noller, Esq.
Foley & Lardner LLP
321 North Clark Street
Suite 2800
Chicago, Illinois 60654

      Re:    Deferred Prosecution of Daniel Solis

Ms. Noller:

      The purpose of this letter is to set forth the agreement between you, your client Daniel Solis, and the United States Attorney's Office for the Northern District of Illinois (hereinafter, the "USAO"). This agreement is based upon the substantial assistance Mr. Solis has provided to law enforcement to date, and as described below, is expressly conditioned upon his continued cooperation.

      The parties agree that the USAO will charge Mr. Solis in an Information with one count of violating Title 18, United States Code, Section 666(a)(1)(B), in relation to his solicitation and receipt of campaign contributions from a developer with business before the Chicago City Council and its Committee on Zoning, Landmarks, and Building Standards (the "Zoning Committee") intending to be influenced and rewarded in connection with any business, transaction, and series of transactions of the City of Chicago. Mr. Solis agrees to be charged with this felony offense in the Information and expressly waives his right to be charged by a grand jury. Mr. Solis understands that this violation carries a maximum penalty of 10 years' imprisonment, a fine of $250,000 or twice the gross profits or other proceeds, and a term of supervised release of not more than three years.

      The parties agree to request at Mr. Solis's arraignment that the United States District Court defer proceedings on the charge in the Information pursuant to Title 18, United States Code, Section 3161(h)(2) for a period of 36 months from the date of the filing of the Information (the "deferred prosecution period"). Mr. Solis admits, accepts,

December 26, 2018
Page 2

and acknowledges that the offense alleged and the facts described in Exhibit A are true and accurate. Mr. Solis further agrees that this letter, including his admissions as detailed in Exhibit A, will be reproduced in a publicly filed document that will be presented to the District Court at the time the parties seek to defer prosecution.

Mr. Solis agrees that he will fully and truthfully cooperate in any matter in which he is called upon to cooperate by the USAO. This cooperation shall include providing complete and truthful information in any investigation and pre-trial preparation, and complete and truthful testimony in any criminal, civil, or administrative proceeding. Mr. Solis agrees that he will appear to testify at any proceeding as directed by the USAO, and provide all documents, records, or other tangible evidence in his possession, custody, or control when requested by the USAO.

Mr. Solis agrees that he shall not, for the duration of the deferred prosecution period and his cooperation with the USAO: (1) violate any federal, state, or local law (excluding minor traffic and parking infractions); (2) unlawfully use or possess any narcotic drugs or other controlled substances defined in Title 21, United States Code, Section 802, unless prescribed by a licensed medical practitioner; (3) possess any firearm or apply for any Firearm Owner Identification Card; and/or (4) after completing his current term as Alderman (which will end no later than May 20, 2019, when the current term expires), hold any elected public position or other position of public trust. Mr. Solis shall immediately notify the USAO if arrested and/or questioned by any law enforcement officer for any reason.

If Mr. Solis has fulfilled all of the terms and conditions of this agreement at the conclusion of the deferred prosecution period, the USAO will move the District Court to dismiss the Information against Mr. Solis.

The USAO may at any time initiate prosecution for the crime described in the Information or any other offenses should Mr. Solis violate any condition of this agreement, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement of such prosecution, or if the USAO concludes that Mr. Solis has provided false or misleading testimony or information to the USAO, to any law enforcement agency, or during any civil, criminal, or administrative proceeding. Mr. Solis waives and shall not assert any statute of limitations defense to any prosecution that is not time-barred as of the date of this agreement. Alternatively, in the sole discretion of the USAO, the USAO may ask the District Court to extend the deferred prosecution period in the event the USAO determines Mr. Solis violated this agreement. The USAO may also move the District Court to shorten the term of the deferred prosecution period at any time.

Mr. Solis understands that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial, and that Rule 48(b) of the Federal Rules of Criminal Procedure

December 26, 2018
Page 3

provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information or in bringing a defendant to trial. Mr. Solis hereby requests the USAO to defer any prosecution of him for violations of federal criminal law, and to induce the USAO to defer such prosecution pursuant to the terms of this agreement, Mr. Solis agrees and consents that any delay from the date of this agreement to the date of initiation of any prosecution shall be deemed to be a necessary delay at his request, and that he waives any defense to such prosecution on the ground that such delay operated to deny him rights to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations.

The parties agree that Mr. Solis's obligations contained in this agreement shall continue for the duration of the deferred prosecution period and the duration of his cooperation with the USAO. Mr. Solis's cooperation with the USAO shall conclude when the USAO notifies Mr. Solis in writing that all investigations and prosecutions arising from or requiring Mr. Solis's cooperation are final and that his cooperation is complete. The USAO agrees that upon Mr. Solis's complete satisfaction of his obligations contained in this agreement, including any obligations continuing after the deferred prosecution period, it will not prosecute him for offenses occurring in the Northern District of Illinois and relating to any of the conduct described in the Information, set forth in Exhibit A, or otherwise disclosed by Mr. Solis to the USAO prior to the execution of this agreement, related to his actions or omissions as a public official.

The determination of whether Mr. Solis has complied with his obligations under this agreement shall be in all instances within the sole discretion of the USAO. In the event the USAO determines that Mr. Solis has breached the agreement, the USAO will furnish Mr. Solis with notice specifying the conditions of this agreement which Mr. Solis has violated.

Mr. Solis agrees that the admissions contained in Exhibit A, together with any statement Mr. Solis has made or will make, including any grand jury testimony and any statement made pursuant to a proffer letter issued by the United States, as well as any leads derived from such admissions, statements and testimony, may be used and are admissible against him in any proceeding for any purpose in the event that the USAO determines that Mr. Solis has breached this agreement. Mr. Solis agrees that he shall assert no claim under the United States Constitution, any federal statute, Rule 410 of the Federal Rules of Evidence, or any other federal rule that such admissions, statements and testimony, or any leads therefrom, should be suppressed or are otherwise inadmissible, nor shall Mr. Solis deny the accuracy of such admissions, statements and testimony.

It is further understood that the obligations of this agreement are limited to the USAO and do not bind any other federal, state or local prosecuting, administrative or regulatory authority. If requested to do so, the USAO will bring the cooperation of Mr. Solis to the attention of other authorities.

December 26, 2018
Page 4

     This agreement supersedes all prior, if any, understandings, promises and/or conditions between the USAO and Daniel Solis. No additional promises, agreements and conditions have been entered into other than those set forth in this letter and none will be entered into unless in writing and signed by all parties.

                                                   Very truly yours,

                                                 JOHN R. LAUSCH, JR.
                                               *United States Attorney*

By:  _____
             AMARJEET S. BHACHU
             *Assistant United States Attorney*

     I acknowledge that I have read this letter in its entirety and carefully reviewed each provision of this letter (together with the attached Exhibit A) with my attorney, Lisa M. Noller. I am signing this letter voluntarily and of my own free will. Aside from what is contained in this letter, no other promises have been made to me or to my attorney by the USAO, the Federal Bureau of Investigation or any other law enforcement agency.

_____      _____
Daniel Solis                                 Date


_____      _____
Attorney for Daniel Solis              Date

December 26, 2018
Page 4

This agreement supersedes all prior, if any, understandings, promises and/or conditions between the USAO and Daniel Solis. No additional promises, agreements and conditions have been entered into other than those set forth in this letter and none will be entered into unless in writing and signed by all parties.

Very truly yours,

JOHN R. LAUSCH, JR.
*United States Attorney*

By: _____
AMARJEET S. BHACHU
*Assistant United States Attorney*

I acknowledge that I have read this letter in its entirety and carefully reviewed each provision of this letter (together with the attached Exhibit A) with my attorney, Lisa M. Noller. I am signing this letter voluntarily and of my own free will. Aside from what is contained in this letter, no other promises have been made to me or to my attorney by the USAO, the Federal Bureau of Investigation or any other law enforcement agency.

_____    12/26/18
Daniel Solis              Date

_____    12/26/18
Attorney for Daniel Solis  Date

# EXHIBIT A

## Admissions by Daniel Solis

From no later than on or about July 2015 and continuing to on or about September 24, 2015, at Chicago, in the Northern District of Illinois, and elsewhere, Daniel Solis, being an agent of the City of Chicago, a local government that received federal benefits in excess of $10,000 in a twelve-month period from January 1, 2015 through December 31, 2015, corruptly solicited, and agreed to accept, things of value, namely, campaign contributions, intending to be influenced and rewarded in connection with any business, transaction, and series of transactions of the City of Chicago involving a thing of value of $5,000 or more, namely, amendments to zoning ordinances sought by Developer A, in violation of Title 18, United States Code, Section 666(a)(1)(B).

Specifically, Mr. Solis is an Alderman in the City of Chicago. Since 1996, Mr. Solis has represented the citizens of Chicago's 25th Ward. Mr. Solis is also the Chairman of the Committee on Zoning, Landmarks, and Building Standards (the "Zoning Committee"). As Chairman, Mr. Solis has control over what matters are placed on the agenda for meetings of the Zoning Committee. Mr. Solis solicited campaign contributions from a Chicago-based real estate developer, Developer A, while Developer A had a matter pending before the Zoning Committee. Developer A wanted to build in Mr. Solis's ward a multi-unit rental building on the site once occupied by a restaurant.

In approximately June 2015, Developer A filed an application for a zoning change for the restaurant property that the City referred to the Zoning Committee for consideration. On or about July 27, 2015, while this application was pending, Mr. Solis spoke with an executive of Developer A and Mr. Solis asked him to contribute to Mr. Solis's fundraising event to be held on September 10, 2015. Mr. Solis also asked the executive to seek contributions from other people.

On or about August 26, 2015, two executives from Developer A contributed $5,000 each to Mr. Solis's 25th Ward Regular Democratic Organization. On or about August 28, 2015, Mr. Solis asked a representative for Developer A if individuals from Developer A were attending the September 10, 2015 fundraising event. The representative informed Mr. Solis that individuals from Developer A planned to attend.

Mr. Solis solicited the campaign contributions from Developer A in part as a reward, in the form of campaign contributions, for his assistance to Developer A in his capacities as Chairman of the Zoning Committee and member of the City Council with the development project Developer A pursued at the time. Mr. Solis knew each time he reached out to Developer A, whether through one its executives or one of its representatives, that Developer A had pending before the Zoning Committee a request for a zoning change.

On or about September 21, 2015, the Zoning Committee recommended that Developer A's zoning change be passed by the City Council. Mr. Solis attended this

meeting and presided as Chairman that day. On or about September 21, 2015, a third executive of Developer A made a $5,000 contribution to Mr. Solis's 25th Ward Regular Democratic Organization. On or about September 24, 2015, the City Council approved Developer A's project, and Mr. Solis voted in favor of the project.